FILED

2025 Jul-17  AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| **Plaintiff** | } } } | |
| **v.** | } } } | **Case No.: 2:24-cr-00084-MHH JHE-1** |
| **BERMUN DEAMON MCGHEE,** | } } | |
| **Defendant.** | } } } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Bermun Deamon McGhee has brought several challenges to the charges against him. He has filed a motion to dismiss Count Four of the superseding indictment for improper venue, (Doc. 69); a motion to dismiss multiplicitous counts, (Doc. 70); a motion to strike surplusage, (Doc. 71); a motion to suppress evidence, (Doc. 72); a motion for a bill of particulars, (Doc. 73); and a motion for a *Jackson-Denno* hearing, (Doc. 74). After conducting an evidentiary hearing concerning Mr. McGhee's motion to suppress and motion for a *Jackson-Denno* hearing, (Doc. 105), and considering the parties' briefs, (Docs. 89-93, 106, 108), Chief Magistrate Judge England entered reports in which he recommended that the Court deny Mr. McGhee's motions, (Docs. 113, 125). Mr. McGhee objects to some of Judge England's findings and recommendations. (Docs. 114, 128, 137). This opinion resolves Mr. McGhee's objections and motions.

1

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(10(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made," 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. McGhee is charged in a five-count superseding indictment with one count of making false statements to a federally insured institution in violation of 18 U.S.C. § 1014; two counts of bank fraud in violation of 18 U.S.C. § 1344; one count of making an unlawful monetary transaction in violation of 18 U.S.C. § 1957; and one count of making a false statement in violation of 18 U.S.C. § 1001. (Doc. 58). Mr. McGhee does not object to Judge England's description of the case. Judge England explained:

Counts Two and Three of the superseding indictment charge McGhee with fraud in connection with applying for a business loan in excess of $1.5 million on December 15, 2021 (Count Two) and applying for a purchase credit card with a $75,000 monthly limit on February 23, 2022 (Count Three). (Doc. 58 at ¶ 10). The preceding paragraphs of Counts Two and Three outline the alleged scheme to defraud. According to the superseding indictment, McGhee submitted a Personal Financial Statement ("PFS") to People's Bank of Alabama on December 15, 2021, in connection with a loan application for his business, Helicopter To Holdings, Inc. (*Id*. at ¶ 3). The PFS contained false representations. For example, the PFS indicated that McGhee had around $917,000 in four different banks. (*Id*.). However, McGhee only had a fraction of this amount, and did not have a banking relationship with one of the banks. (*Id*.). The PFS also falsely stated that McGhee had more than $350,000 worth of stocks in various companies. (*Id*.). In addition to the false statements in the PFS, McGhee submitted fraudulent documentation to support the loan application, including false tax records. (*Id*. at ¶ 4).

People's Bank of Alabama ultimately declined to offer McGhee the loan. (*Id*. at ¶ 4). Instead, it offered McGhee a purchase credit card with a $75,000 monthly limit, issued by ServisFirst Bank. (*Id*. at ¶ 5). The offer of credit was supported by the same documentation McGhee had submitted in support of the loan. (*Id*.).  McGhee accepted the card on or about February 23, 2022, on behalf of his business. (*Id*.).

The terms of the agreement required McGhee to pay off the balance each month and to use the credit card only for business purposes. (*Id*.). McGhee did not abide by either of these conditions. McGhee used the card for personal purchases, including international flights. (*Id*. at ¶ 6). McGhee also stopped paying the credit card balance, accruing a past due balance of around $590,000. (*Id*. at ¶ 7). McGhee attempted to make several six-figure payments towards the balance via a personal bank account with a balance of less than $3,000. (*Id*. at ¶ 8).

Counts One and Two of the superseding indictment concern the conduct referenced above. Count One charges McGhee with making false statements on or about December 15, 2021, that "he possessed $965,000 'Cash on Hand and in Banks' in various checking accounts and savings accounts and that he possessed $350,000 in U.S. Government and Marketable Securities" and submitting false tax records. (*Id*. at ¶ 1).  Count Four charges that on or about September

15, 2022, McGhee "knowingly engaged in and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, a $36,316.00 payment to a private chartered flight company using MCGHEE's ServisFirst Bank purchase credit card, such property being derived from a specified unlawful activity, that is, bank fraud . . . ." (*Id.* at ¶ 11). And Count Five concerns false statements made to an FBI agent that McGhee possessed $1.5 to $ 1 million in a Charles Schwab retirement account. (*Id.* at ¶ 12)."

(Doc. 125, pp. 2-3).

Mr. McGhee has not objected to Judge England's recommendation, (Doc. 113), that the Court deny his motion to dismiss multiplicitous counts, (Doc. 70), and his motion to strike surplusage, (Doc. 71). The Court has reviewed Judge England's analysis of these motions and concurs. Therefore, the Court denies these motions.

With respect to Mr. McGhee's motion for a bill of particulars as to Counts One, Two and Three of the superseding indictment, (Doc. 73), following a hearing on the motion, the Court directed the United States to provide to Mr. McGhee a supplemental response identifying the false statements the government intends to prove at trial. The Court directed the United States to provide this information to Mr. McGhee by May 23, 2025. For any false statement that the United States did not identify by May 23, 2025, the Court sustains Mr. McGhee's objection to pages 12 to 18 of the report and recommendation and limits the crimes charged in Counts One, Two, and Three of the superseding indictment to the specific acts of fraud alleged in those counts or identified to Mr. McGhee by May 23, 2025.

4

For his motion to suppress, Mr. McGhee argues that Judge England should have recommended suppression of the audio-recorded conversation between Mr. McGhee and FBI Special Agent Bullock because the recording includes a telephone conversation between Mr. McGhee and another person, and the recording of that telephone conversation violates Title III of the Omnibus Crime Control and Safe Streets Act of 1968. (Docs. 72, 128). In his report, Judge England concluded that Mr. McGhee did not have a reasonable expectation of privacy in statements he made to a third person over the phone in the presence of FBI Special Agent Bullock and that Title III has no field of operation in the absence of such an expectation. (Doc. 125, pp. 14-17). Mr. McGhee contends that Judge England made "a factual mistake" in finding that he (Mr. McGhee) did not have a reasonable expectation of privacy in the call and "ignore[d] the express language of the statute." (Doc. 128, p. 1).

The Court overrules Mr. McGhee's objection to Judge England's factual finding and legal analysis. As Judge England explained, when Agent Bullock knocked on the door of the house where Mr. McGhee was staying, Mr. McGhee "voluntarily stepped out of [the] house and onto the porch, into Agent Bullock's presence." (Doc. 125, p. 16). Mr. McGhee was on the call when he answered the door, and he concluded the phone call in Agent Bullock's presence. In doing so, Mr. McGhee "voluntarily exposed the contents of the phone call to Agent Bullock, who was simply standing by while this happened." (Doc. 125, p. 16). Judge England

correctly concluded that "[n]o reasonable person would believe that conducting a phone call in the presence of a third party would maintain the call's privacy." (Doc. 125, p. 16). Therefore, the recording does not trigger Title III, and Mr. McGhee cannot avail himself of the statute's suppression remedy. Accordingly, the Court overrules Mr. McGhee's objection, adopts Judge England's report regarding Mr. McGhee's motion to suppress, and denies Mr. McGhee's motion to suppress.[1]

Finally, Mr. McGhee objects to Judge England's recommendation of denial of his motion to dismiss Count Four for improper venue. (Doc. 69). Mr. McGhee argues that the law on which Judge England relied concerns continuing schemes like a money laundering scheme, not an isolated monetary transaction, like the plane ticket purchase in Arizona at issue in Count Four. (Doc. 114, pp. 5-7).

The venue provision concerning 18 U.S.C. § 1957's prohibition on unlawful monetary transactions states that prosecution for an offense under 18 U.S.C. § 1956 or under § 1957 may be brought in:

> (A) any district in which the financial or monetary transaction is conducted; or
>
> (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the

---

[1] Mr. McGhee has not objected to most of the analysis in Judge England's report concerning the motion to suppress. (*See* Docs. 125, 128). The Court adopts the entire report and accepts Judge England's recommendations.

The evidentiary hearing that Chief Magistrate Judge England held on Mr. McGhee's motion to suppress renders Mr. McGhee's motion for a *Jackson-Denno* hearing moot. (*See* Doc. 125, p. 1 n. 1).

transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

18 U.S.C. § 1956(i)(1).[2]  Mr. McGhee argues that the monetary transaction at issue "began, continued, and was completed only in Arizona," (Doc. 114, p. 6).  The United States contends that because the underlying fraudulent activity occurred in the Northern District of Alabama, use of proceeds from that activity can be prosecuted in this district per 18 U.S.C. § 1956(i).  (Doc. 131).

Here, the credit available to Mr. McGhee, through the credit card ServisFirst Bank issued based on fraudulent documentation, constitutes "proceeds" of a false statement to a federally-insured institution in violation of 18 U.S.C. § 1014 for purposes of venue under 18 U.S.C. § 1956(i)(1)(B).  *See* 18 U.S.C § 1956(c)(9) ("[T]he term 'proceeds' means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.").  Mr. McGhee obtained the credit card on February 23, 2022, in the Northern District of Alabama based on false documentation and used the card in Arizona on September 15, 2022 to pay for a privately chartered flight. (Doc. 58, pp. 3, 5).  Because the underlying specified unlawful activity of a false statement to a federally-insured institution in violation of 18 U.S.C. § 1014 occurred

---

[2] The term "specified unlawful activity" in § 1956(i)(1)(B) includes an offense under "[§] 1014 (relating to fraudulent loan or credit applications)," 18 U.S.C § 1956(c)(7)(D).  That is the offense charged in Count 1 of the superseding indictment.  (Doc. 58, p. 1).

in this district and is being prosecuted here, venue for Count Four involving an alleged violation of 18 U.S.C. § 1957 is proper in this district.

Accordingly, the Court overrules Mr. McGhee's objection to Judge England's analysis of Mr. McGhee's venue motion and denies his motion to dismiss Count Four for improper venue.

Because this order resolves Mr. McGhee's pending motions, the Clerk of Court shall please TERM Docs. 69, 70, 71, 72, 73, 74, 113, and 125.

**DONE** and **ORDERED** this July 17, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE